*118 OPINION of the Court, by
Ch. J. Boyt.e.
This is a contest for land, and depends on the validity of the following entry, viz.
“June the 5th, 1782. William Bush, assignee of William Hansford, enters 1250 acres of land upon part of a treasury warrant No. 11,575, lying on the waters of Silver creek, on Hay’s fork, beginning on said fork, at the beginning corner of his 3750 acre survey, and to run up the ljne éa$t to the trace, and up Adams’s trace, lowards Estill’s, thence along said trace leading from Estill’s to the Blue I/icks, to include all the vacant land in the before mentioned bounds fot quantity.”'
Silver creek and Hay’s fork appear to have been well known by their respective names anterior to and at the date of the entry; and it is shewn that a trace led from EstilPs station to the Blue Licks, and another from Adams’s station to Estill’s station, both of vyhich are *119 proven to have been generally known. But it does not appear that the latter had acquired the name of Adams's tracé, by which it is called in the entry; and if there were no other expression in the entry indicating the trace intended, this call would certainly be liable to the Strictures made upon it by the appellee’s counsel. The name given to the trace is not so appropriate as to distinguish it from other traces. It implies, indeed; some relation to Adams, or to Adams’s Station: but any other trace leading from Adams’s station, would have the same relation, and might as appropriately be denominated Adams’s trace. This uncertainty is, however, removed by the expression “towards Éstill’s,” immediately follows the name of the trace.
cafe that the lurrey 375° acres part oT^ valid entry for 5000 acres, and fo far entry,"annot be brought in aid depen." wife it the fur-were Cfor "rtie fame quantity. ^ ** p_ vo '
An entry gives <⅛-⅛⅛ ‘ a^greite* number of acres than the "ar* jt was made> authórifed tobe
boundary firft named has not thereby any pre ere e’
But taking Silver creek, Hay’s fork and the traces called for, as sufficiently established, still the entry, without the aid of the call for the beginning, would not possess the requisite certainty and precision. The beginning is described to be “ on Hay’s fork, apthe beginning corner of his (the appellant’s) 3750 acre survey.” A survey is shewn as the one intended, bearing date the 28th of May 1782, only seven days prior to the time when the entry Was made. It is obvious that this survey can afford no support to the call ita question, How far a subsequent adventurer would have been bouud by a description given in the survey Of its beginning corner if the survey had been of record, is not material to inquire : for there is no proof that the survey was in fact of record, and as the law did not require that it should have been recorded at the date of the entry, a presumption that it was, cannot be indulged, according to any rule of probability or upon any princi-pie recognised in former adjudications of this court, Nor is it pretended that the lines and corners of the survey had, at the date of the entry, acquired any degree of notoriety } and indeed it is almost impossible, from the recent date of the survey; that such should have been the case. Surely no argument can at this day be required to prove that a call, so far as it depends upon a smvey thus situated; cannot be supported.
But an entry of ¿000 acres, in the name of the appellant, is produced, upon part of which the survey of 3750 acres was made ; and it is urged that as that entry is a good one, and the survey made in conformity- *120 to it, the call for the survey may be thereby rendered certain.
This argument would be entitled to weight, if the entry aad the survey on it were for the same quantity, or if there were any other clew gi«en by the entry in question in this suit, by which, from an'inspection of the entry of 5000 acres, it could have been known that, the -survey called for had been made upon that entry.'; But no such clew is given, and the obvious inference from the variance in the size of the entry and the survey, would have been, that the survey was made upon a different entry.
Re jecting then the aid of the survey and of the entry of 5000 acres, we , must recur to the entry in contest as affording the only means by which a subsequent adventurer could be conducted to the beginning of the location. The direct description which the entry gives of the beginning, is certainiy very vague and defective. It is said to be on Hay’s fork, a stream of no inconsiderable size'and length ; but whether on the north or the south side/or near its source or its mouth, is left to conjecture ; nor is there a,ny indication given of the number, species or size of the trees marked as the corner intended. But suppose the corner now claimed to be found, still it would be impossible for a subsequent locator to have known, without the aid of the survey itself, that it was a corner of a 3750 acre survey, and much less could he know that it was the beginning corner.
But it is contended that the subsequent calls of the entry, designating the boundaries of the location, would lead to the inference that the corner called for was at or near the place where Hay’s fork is crossed by the trace leading from Adams’s to Estill’s station, within twenty poles of which place it is in fact found to be. Were those calls in their nature simple and explicit, and the inference so obvious that it could be easily made by any one, it would be allowable in this way to identify and establish the position of the object in question. But such is the obscurity and confusion of those calls of the entry, that to develope their meaning and deduce the inference claimed by the appellant’s counsel, requires great attention and no small degree of critical acumen; and where an entry thus depends upon an object, the posi *121 tion of. which is mere matter of inference deducibie only (if deducibie at all) by so much art and attention as are.required in this case, the validity of the entry must at least be placed upon doubtful ground.
Rut passing over the want of certainty in the description, another objection occurs to the entry which we are clearly of opinion is fatal.
- The two traces and the line of the survey called for, veo impose a triangle of nearly equal sides, in which, is contained more than three times the quantity called for in the entry. That no one could lawfully appropriate more than the quantity to which he was entitled, is a position too clear to admit of controversy. If he might have done so, the absurd consequence would follow, that upon a warrant of 1000 acres, or less, the whole vacant land of a country might have been appropriated.
To obviate this objection, it was urged that the entry-should be so construed as to make the lins of the survey called for, it being the boundary first mentioned in the entry, the base of the survey in this case, and extend only so far along each trace as would include the quantity. But this construction is wholly inadmissible. By the express terms of the entry, all the vacant land in the boundaries mentioned is included in the location ; and where there is in the words of an instrument no doubt or ambiguity, there can be no exposition contrary to the words.
The line of the survey called for being the boundary first mentioned, is no reason for preferring it as a base to eiiher of the other sides of the triangle. In describing the boundaries of a tract of land, one line must of necessity be named before another ; and it is plainly owing to this necessity that in this case the line of the survey called for was first mentioned in the entry, and not to any intention in the locator to prefer it as a base to the other lines.
This case differs very materially from the case of aa entry which gives a definite base, and calls for an indefinite extension of the,lines from the base so far as will include the quantity of vacant land. In the latter case, the lines extending fjrom the base being indefinite as to their extent, may be limited by construction ; but in this case all the lines of the triangle being equally deft- *122 nite, no one of them, more than another, can be con* by construction. . , .
The decree ot tlv; interior court must therefore be affirmed with costs,