Judge Losan
delivered the opinion of the court.
The appellee, who was the complainant below, asserts the superior right to the land, upon the following entry:
“May 11 ih, 1780 — John Floyd enters 600 acres, upon “treasury warrants, on the Ohio river, beginning at a hickory and a large ash, at the mouth of a small drain in the “upper end of the first bottom, 3 or 4 miles below a small “island, opposite to Kennedy’s cabin. The land lies about “40 miles below the mouth of Sciota; and runneth thence “S 37 poles to three lynns, growing from one root, at the foot “of a hill; N 70 W, 100 poles, to a double lynn; W 180 “poles to a buckeye and beech; S 75 W, 250, to a white “walnut and white hickory, at the foot of a hill, and along “the same S 55 W, 44 poles, to two elms by a draft; S 80 “W, 115 poles, crossing a branch to a iyn and buckeye; “S 62 W, 120 poles, crossing a branch to a lynn, sugartree “and buckeyS; N 45 W, 40 poles, to 4 sugartrees on the “river bank by the mouth of a steep gut near the lower “end of the bottom opposite to the two islands, thence up “•the river binding thereon to the beginning.”
There is no difficulty as to the upper and lower termination of this entry on the river; and as between those boun daries, the river and the hill, there is about double the quantity of land to which the entry was entitled; it cannot, therefore, conformably to the opinions in the cases of Bush vs. Jameson, 3 Bibb, 121, and Carson vs. Hanway, same book, 163, be sustained. It is there laid down as dear, that a claimant cannot be entitled to more than the quantity located; but that a surplus of a few acres ought not to vitiate the whole entry. If the whole of the is about double the *272 claries were described by sensible objects, so that there could be no reason for one to yield to or control another, the entry could only be good for so much as would be covered in common by surveys of the proper quantity made upon each of the boundaries. But if the boundaries were so extensivo, that surveys might be made on different parts of the boundaries without covering any land id common, the entry would be good for none.
Hardin for appellant, Bibb for appellee.
The counsel for the appellee petitioned for and obtained a rehearing. The cause was re-argued at the Spring Term, 1818, when the former decree was affirmed and ordered ÍG Stand unaltered.
We cannot, therefore, consistently with those and former opinions, disregard visible or objects of the senses, for ideal ones. We cannot, in this case, permit a departure from the hill ancl the corner trees, represented at different places as situated at the hill, to sustain the entry upon the more uncertain and erring call of courses, &c. The decree must therefore be reversed with cost.