Tiie Chief Justice
delivered the opinion of the court.
This is a contest for land under adverse claims. The appellant, who was complainant in the circuit court, asserts his equity in virtue of two entries upon treasury warrants, made in the name of Simon Summers.
The first of these entries is for 420 acres, and was made the 10th of September, 1783, on Cox’s creek, to join Isaac Cox on the south, “Beginning at two sugar trees and black “oak corner, to Osburn Spriggs in Cox’s line, and with said “line S, §0 E, to the corner, then with Gabriel Cox’s line “S 20 W, to the corner, then with his line east to ’Fitch’s “corner, and with Fitch’s line south to his south-west “corner, then west along a marked line to William Coon’s “line, then with his line north to the corner, then with his “line N, 83 W to three white oaks and a ivalnut corner to *610 “Osburn Spriggs, stamling by (be canty fork of Cox^P “creek,.thence down the said fork to an elm, hickory and “sugar tree, then N 10 W, 44 poles to the beginning.”
An entry eallingforob-jects of the senses all round, and in-cludinjrfm'ity more land than the warrant justifies, ⅛ good for none — Vide ante, pa. 271, Marshall vs. Russel, and the cases there cited, and Coleman vr. Henderson, ante, pa. <112, acc.
A subsequent entry lor a still smaller quantity of acres, fnade “to include the surplus” cannot be united with the first, but is also, raid»
Hardin for plaintiff, B. Hardin for defendant in error.
The other entry is for 330 acres, and was made the 7th of February, 1780; “On the waters of Cox’s creek, to in-‘iclude the surplus land within . the boundaries described “for the 420 acres.”
The boundaries described in the first of these entries contains nearly double the quantity of the entry. The entry could not, therefore, appropriate the whole of the land thus described; and as it pretends to appropriate no one part in preference to any other, it is manifestly void for uncertainty, according to the principles settled in the case of Buck vs. Jameson, 3 Bibb, 118. The second entry, considered as a separate and distinct one, for the quantity therein mentioned, is, upon the same principles, equally uncertain and void. But it is contended that the two entries should be taken together as one entry, for the whole quantity mentioned in both having effect from the date of the second entry. To thus consolidate (he two entries would be confounding things which are separate and distinct, and doing that for the locator which he has not thought proper to do for himself. For the second entry only purports to he a location of the quantity of 330 acres, and does not profess to modify in any manner the first entry, but leaves it as it was originally made.
The decree dismissing the complainant’s bill is, there* fore, correct, and must be affirmed with costs.