Jodgé Mints
delivered the opinion.
The appellants, who were complainants in the court below, crave relief against sundry adverse entries and patents of elder dale; and for this purpose set up an entry on treasury warrant for 2500 acres of land, dated December 20, 1782, in the name of Lyiraugb Helm. The defendants, now appellees, rely not only on their efder grants, but the validity of their entries, and an adverse possession of more than twenty years. If the entry of the complainants cannot be sustained, it will be wholly unnecessary to enquire into the merits of the defence set tip. The calls of this entry are : “To begin at the mouth of Rogers’s run, the waters of Coxe’s creek, and at a tree marked L. H. thence up said run to Froman’s road, then up Froman’s road until the head waters of Coxe’s creek and the drains of Wilson’* *571 preek waters join the land of Thomas Saunderson, thence down the said waters of the creek to the mouth, thence up the creek to the beginning — to exclude a!! prior rights, and to include the quantity, and several improvements made by Thomas Whitledge.”
Omitingto jectcaU’dfof an entry, which might fecuhe'^osí" ⅛⅞, of^the entry, is fa-*0^, e"‘ ⅞. ojéete called for therein are aIBPyProv«
Rogers’s run is a small branch emptying into Froman’s creek which in turn discharges itself into Coxe’s creek. These runs liad acquired their respective names before the date of this entry and are proved to be sufficiently notori* pus for good locative objects. In iike manner Frciqan’s road, which crossed Rogers’s run some distance above its mouth and run westward!}’ to.vards Wilson’s creek, is shewn to have been very notorious at the dale of this entry. Sufficient notoriety is also attached to Wilson’s creek. So far the calls of this entry are well sustained. The proof is, however, totally silent a3 to the remaining objects called for in the entry, most of which are necessary to fix its position As the entry caljs for the tree marked L. H to beat the mouth of Rogers’s run, we have not thought it necessary to enquire what effect the absence of proof of the existence of this tree ought to have on the entry. For if the entry is commenced at the mouth of the run and extended up it southwardly to Froman’s road and then west with the road, it must slop in pursuing the road, at the point where “the bead waters of'Coxe’s creek and the drains of Wilson’s creek join the land of Thomas Saun-dersorr” The land of Saunderson is not shewn, t’he surveyor, iu making out his report in this cause, has represented a figure wliich he calls “Saunderson’s laud.” But no entry, survey cr patent, or any scrap of title, to land in that name, is produced. Nor is there any proof that Saunderson bad such land, or where it is, by reputation in the neighborhood To remedy this, the appellants kave attempted to prove the spot where the waters of Coxe’s and Wilson’s creek join each other, and there to terminate their survey on Froman’s road. This cannot avail them ; for it is nqt the junction of these two vyatars, which is called for by the entry, but the place where these waters join Samdfrsmds land The omission then to exhibit the position of Saunderson’s land, which might materially affect the position of Helms’s entry must be deemed fatal according to the principles admitted in the cases of M’Gee vs. Thompson, 1 Bibb 136, Davis, &c. vs. Bryant, 2 Bibb 110, White vs. Wilson, 3 Bibb 541.
Notoriety of ?he ^absence of stronger of stronger proof, may J?®njnf?rre‘l stances.
callin'* forry epecifed'and known ob-de '°ll projrcfaims” and contain-inp- much more than the warrant jus ¡lies cannot prevail.
But if the point where the waters of Coxe’s creek join l^ose Wilson’s creek, he admitted as the proper point to terminate this line, the entry of the appellants would be still attended with difficulties. From this point the entry 1111181 ruD at a r'Skl angle or north “ to the west Coxe’s creek.” The direct proof with regard to the fork of loose's creeK/' x üe direct proof with regard to the notoriety of Coxe’s creek itself is very feeble. But as there are many entries and surveys filed, some older than the appellants entry, calling it Coxe’s creek — and as the entry itself clearly shews that the stream into which Rogers’s run ultimately discharged itself, (Froman’s creek being well known) was the stream which the locator intended to designate by the name of Coxe’s creek, it may well be inferred from the way the witnesses mention it, as well as from the size of the stream, that it was notorious.— But the west fork is not shewn to be thus known by reputation. Two westwardlv forks are shewn on the plat, and one of them is reported, by the surveyor, under tbp name of Cane run, and the other by the name of the Weal fork. Running north then or at right angles from the junction of Cnxe’sand Wilson’s creek waters, the course first intersects tane run. and continuing north, reaches the West fork. Down one of these to the mouth at Coxe’s creek, and up the creek to the beginning must be the mode of closing the survey. We consider it immaterial which of these streams is taken as the west fork- Fot1 if the survey be closed by going down Cane run, at least a half more Man Rle quantity is obtained, and by descending tbe west f°ik, nearly three times the quantity is included. So large a territory as either of these modes must include, fix* ec* positive calls, taken in conjunction with the last exPress‘°ns of the eniry “ to exclude all prior claims, and in-elude the quantity,” evidently shews that the locator in-(ended to guard against an unprofitable appropriation of his warrant, by leaving himself room to plot out claims thereafter discovered by himself, without leaving others the means of finding out the claims be intended to expunge ; and thus he has made the whole too uncertain to attach itself to any particular spot, and for this reason be must lose all according to the principles settled by this court in the cases of Bush vs. Jamison, 3 Bibb 118, Coleman vs. Henderson, 1 Marsh. 412. Finley vs. Harlan’s heirs—Fall term, 1820.
'I he decree of the court below mast, therefore, be affirmed with costs.